UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EDWARD PEDUTO,

    Plaintiff,

v.

UTGR, INC.,

    Defendants.

Civil Action No. 24-11211

## NATURE OF THE ACTION

1. In this action, the Plaintiff seeks damages against the Defendant, UTGR, Inc. as a result of the negligent provision of security at the Defendant's premises located at 100 Twin River Road, Lincoln, Rhode Island ("Premises") on or about August 29, 2021 resulting in an assault on the Plaintiff (the "Incident").

## PARTIES

2. The Plaintiff, Edward Peduto (herein "Mr. Peduto"), is an individual residing at 311 Lowell Street, Wakefield, Commonwealth of Massachusetts.

3. The Defendant, UTGR, Inc., is a Delaware corporation having a principal place of business at 100 Twin River Road, Lincoln, State of Rhode Island ("UTGR").

4. The Defendant, Home Depot U.S.A., Inc., is a Delaware Corporation having a principal place of business of 2455 Paces Ferry Road, Atlanta, State of Georgia ("Home Depot").

## JURISDICTION

5. Jurisdiction in this matter is conveyed under 28 U.S.C. § 1332, based on a diversity of citizenship and an amount at stake in excess of $75,000.00.

6. The Plaintiff is a citizen of the Commonwealth of Massachusetts.

7. The Defendant is a Delaware Corporation having a principal place of business in the

State of Rhode Island.

8. The amount in controversy is more than $75,000.00, not counting interest and costs of court, because the Plaintiff has suffered permanent injuries and has incurred medical bills in excess of $46,212 as a result of the Incident.

## FACTS

5. That at all times relevant to this Complaint, the Defendant was the owner and operator of the Casino known as Bally's Twin River Lincoln, located at 100 Twin River Road, Lincoln, Rhode Island ("Casino").

6. That on August 29, 2021, the Plaintiff arrived at the Casino for the purpose of enjoying the facility as a paying customer.

7. The Plaintiff parked his vehicle in the parking lot at the Casino provided for that purpose.

8. That upon concluding his time spent at the Casino, the Plaintiff returned to his vehicle, and began driving to his home in Massachusetts.

9. That unbeknownst to the Plaintiff, he was followed from inside the Casino to the parking lot by individuals who then followed his vehicle.

10. That on information and belief, the security cameras at the Casino captured the individuals following the Plaintiff from the Casino.

11. That the Plaintiff stopped at a service plaza on I95 in North Lexington, Massachusetts.

12. That at that time, the individuals who had followed the Plaintiff approached his vehicle, brutally assaulted and robbed the Plaintiff.

## COUNT I

### (NEGLIGENCE)

13. The Plaintiff, repeats, realleges, and incorporates by reference as if set forth hereto in their entirety the preceding paragraphs of this Complaint.

14. The Defendant had a duty to protect the safety of patrons at the Casino.

15. That the Defendant breached their duty by failing to properly monitor the actions of persons at the Casino, resulting in the Incident.

16. That the Defendant breached their duty by failing to provide adequate security to protect the security of persons at the Casino, resulting in the Incident.

17. As a consequence of the Defendant's breach of duty, Mr. Peduto suffered severe and permanent injuries.

**WHEREFORE**, the Plaintiff demands judgment on Count I against the Defendants for damages, interest, attorney's fees, and costs of this action.

## COUNT II

### (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

18. The Plaintiff repeats, realleges, and incorporates by reference as if set forth hereto in their entirety the preceding paragraphs of this Complaint.

19. As a direct and proximate result of the negligence of the Defendant, Mr. Peduto has suffered and continues to suffer emotional distress.

**WHEREFORE**, the Plaintiff demands judgment on Count II against the Defendants for damages, interest, attorney's fees, and costs of this action.

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Plaintiff demands a Jury Trial in this Matter.

April 10, 2024

Respectfully Submitted,
Plaintiff,
By his Attorneys,
Winstead Law

_____
Martin C. Winstead
BBO # 655494
209 Broadway
Hanover, MA 02339
781-826-5900
marty@winsteadlaw.info