UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| EDWARD PEDUTO, | * | |
| | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | Civil Action No. 24-cv-11211-ADB |
| | * | |
| UTGR, INC., | * | |
| | * | |
| Defendants. | * | |
| | * | |
| | * | |
| | * | |
| | * | |
| | * | |
| | * | |
| | * | |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

Plaintiff Edward Peduto ("Peduto" or "Plaintiff") brings state-law tort claims for

negligence, [ECF No. 9 ¶¶ 17–23 ("Amended Complaint" or "Am. Compl.")], and negligent

infliction of emotional distress ("NEID"), [Am. Compl. ¶¶ 24–27], against UTGR, LLC f/k/a

UTGR, Inc. ("UTGR" or "Defendant"), the legal entity that owns and operates Bally's Twin

River Lincoln Casino Resort ("Twin River"), located at 100 Twin River Road, Lincoln, Rhode

Island.  [ECF No. 13 at 1; Am. Compl. ¶ 3]. [1]  Before the Court is Defendant's motion to

---

[1] While Plaintiff also names Home Depot U.S.A., Inc. as a defendant in this action, [Am. Compl. ¶ 4], he does not make any allegations against it, and the Court does not see any basis for it to be included in this suit.  See generally [id.].  Therefore, the Court assumes that this defendant was included erroneously.

dismiss.  [ECF No. 12].  For the reasons set forth below, the motion is **GRANTED** without prejudice.

## I.       BACKGROUND

The following facts are taken from the Amended Complaint, the factual allegations of which the Court assumes to be true when considering a motion to dismiss.  See Ruivo v. Wells Fargo Bank, N.A., 766 F.3d 87, 90 (1st Cir. 2014).  As it may on a motion to dismiss, the Court has also considered "documents incorporated by reference in [the complaint], matters of public record, and other matters susceptible to judicial notice."  Giragosian v. Ryan, 547 F.3d 59, 65 (1st Cir. 2008) (alteration in original) (quoting In re Colonial Mortg. Bankers Corp., 324 F.3d 12, 20 (1st Cir. 2003)).

### A.       Factual Background

Plaintiff drove to Twin River on August 29, 2021, "for the purpose of enjoying the facility as a paying customer."  [Am. Compl. ¶ 6].  Upon his arrival, he parked his vehicle in the lot designated for patrons.  [Id. ¶ 7].  When he left the casino at the end of his visit, Plaintiff was followed to his parked car by individuals.[2]  This was captured on a security camera.  [Id. ¶¶ 9–11].  These same individuals continued to follow him as he began driving home to Massachusetts, [id. ¶¶ 8–9], eventually following him from the Twin River parking lot in Rhode Island to a service plaza in North Lexington, Massachusetts.[3]  [Id. ¶¶ 10, 12].  At the service plaza, the individuals approached Plaintiff's vehicle and brutally assaulted and robbed him.  [Id. ¶ 13].

---

[2] The Amended Complaint is unclear as to how many individuals.
[3] The Court takes judicial notice of the fact that it is approximately 50 miles from Twin River to North Lexington, given that it "can be accurately and readily determined" from a map.  Piper v. Talbots, Inc., 507 F. Supp. 3d 339, 343 (D. Mass. 2020) (citing Fed. R. Evid. 201(c) and In re Colonial Mortg. Bankers Corp., 324 F.3d at 20).

Between January 2019 and Plaintiff's assault, at least eight robberies and seventy-six other violent incidents happened at or near Twin River involving customers who were, in some instances, followed from the casino floor and then assaulted.  [Am. Compl.  ¶¶ 15, 16].

### B.    Procedural History

Plaintiff filed the operative amended complaint in this action on June 19, 2024, [ECF No. 9].  Defendant moved to dismiss for failure to state a claim on June 20, 2024, [ECF No. 11].  Plaintiff filed an opposition to Defendant's motion on July 23, 2024, [ECF No. 14], and Defendant filed a further reply in support of its motion on July 31, 2024, [ECF No. 17].

## II.    STANDARD OF REVIEW

In reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court must accept as true all well-pleaded facts, analyze those facts in the light most favorable to the plaintiff, and draw all reasonable factual inferences in favor of the plaintiff.  U.S. ex rel. Hutcheson v. Blackstone Med., Inc., 647 F.3d 377, 383 (1st Cir. 2011); see Gilbert v. City of Chicopee, 915 F.3d 74, 80 (1st Cir. 2019).  "[D]etailed factual allegations" are not required, but the complaint must set forth "more than labels and conclusions."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The alleged facts must be sufficient to "state a claim to relief that is plausible on its face," id. at 570, and should set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory," Pitta v. Medeiros, 90 F.4th 11, 17 (1st Cir. 2024) (quoting Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008)).  Additionally, "a court may not look beyond the facts alleged in the complaint, documents incorporated by reference therein and facts susceptible to judicial notice."  MIT Fed. Credit Union v. Cordisco, 470 F. Supp. 3d 81, 84 (D. Mass. 2020) (citing Haley v. City of Bos., 657 F.3d 39, 46 (1st Cir. 2011)).

"To cross the plausibility threshold a claim does not need to be probable, but it must give rise to more than a mere possibility of liability." Grajales v. P.R. Ports Auth., 682 F.3d 40, 44–45 (1st Cir. 2012) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A determination of plausibility is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Id. at 44 (quoting Iqbal, 556 U.S. at 679). In fact, "the plausibility standard invites a two-step pavane." A.G. ex rel. Maddox v. Elsevier, Inc., 732 F.3d 77, 80 (1st Cir. 2013) (citing Grajales, 682 F.3d at 45). First, "the [C]ourt must separate the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited)." Id. (quoting Morales-Cruz v. Univ. of P.R., 676 F.3d 220, 224 (1st Cir. 2012)). Second, "the [C]ourt must determine whether the remaining factual content allows a 'reasonable inference that the defendant is liable for the misconduct alleged.'" Id. (quoting Morales-Cruz, 676 F.3d at 224).

III.     DISCUSSION

A.     Negligence[4]

Defendant asserts that because the attack on Plaintiff was not reasonably foreseeable, it did not owe Plaintiff a duty of care and his claim therefore fails as a matter of law. Specifically, Defendant argues that Plaintiff's harm was not reasonably foreseeable because it did not occur at

---

[4] Defendant contends that "[a]t this early stage, it is unnecessary to determine which state's law should apply to Peduto's claims, as the relevant law is similar in Massachusetts and Rhode Island." [ECF No. 13 at 5]. Peduto does not contest this, and both parties cite to Massachusetts and Rhode Island case law. See generally [ECF Nos. 13, 14]. The relevant elements of both negligence and NEID in Massachusetts and Rhode Island appear to be substantially similar in that both states require a duty, and both conduct a similar inquiry into foreseeability to determine whether a duty is owed to prevent the criminal acts of third parties. Compare Luisi v. Foodmaster Supermarkets, Inc., 739 N.E.2d 702, 704 (Mass. App. Ct. 2000) (applying Massachusetts law), with Flynn v. Nickerson Cmty. Ctr., 177 A.3d 468, 479 (R.I. 2018) (applying Rhode Island law). As such, the Court will apply Massachusetts law.

or near Defendant's premises, Defendant had "no reason to suspect the assailant's ill intentions" when they left the premises, and the previous incidents of violence at Twin River, without more, are not enough to make Plaintiff's harm at a remote location foreseeable.  [ECF No. 13 at 6–10]. Plaintiff responds that Defendant was "negligent in its provision of security services," [ECF No. 14 at 1], and that because "Defendant was aware (or should have been aware) of [the] pervasiveness and repeated occurrence [of criminal conduct] at the Defendant's premises," the harm he suffered was reasonably foreseeable and therefore gave rise to a duty of care, [id. at 3].

To state a negligence claim, Plaintiff must sufficiently allege: (1) that Defendant owed him a duty of care; (2) that it breached that duty; (3) a causal connection between the breach and the Plaintiff's damages; and (4) damages.  Heath-Latson v. Styller, 169 N.E.3d 155, 158 (Mass. 2021).  Regarding the first prong, "ordinarily, a person 'do[es] not owe others a duty to take action to rescue or protect them from conditions [h]e ha[s] not created.'"  Doe v. Emerson Coll., 153 F. Supp. 3d 506, 514 (D. Mass. 2015) (alterations in original) (quoting Cremins v. Clancy, 612 N.E.2d 1183, 296 (Mass. 1993) (O'Connor, J. concurring)); see also Kavanagh v. Trs. of Bos. Univ., 795 N.E.2d 1170, 1176 (Mass. 2003) ("[A]s a general rule, there is no duty to protect another from the criminal conduct of a third party.").  An exception exists, however, when "(1) there is a special relationship between the defendant and the injured victim, and (2) the criminal conduct is reasonably foreseeable." [5]  Emerson Coll., 153 F. Supp. 3d at 515 (citing Kavanagh, 795 N.E.2d at 1176).

---

[5] Although foreseeability is generally a question of fact for the jury, "[w]hether a duty of care exists is a question of law. . . and an appropriate subject of a motion to dismiss pursuant to rule 12(b)(6)."  Leavitt v. Brockton Hosp., Inc., 907 N.E.2d 213, 215–16 (Mass. 2009) (internal citation omitted).

With regard to a business, although business owners can, in some circumstances, owe a duty to patrons "to use reasonable care to prevent injury to [them] by third persons," this duty is generally limited to patrons at or near the premises, and, even then, only to prevent reasonably foreseeable harm. Luisi, 739 N.E.2d at 704 (quoting Carey v. New Yorker of Worcester, Inc., 245 N.E.2d 420, 422 (Mass. 1969)); see Hill-Junious v. UTP Realty, LLC., 214 N.E.3d 437, 444 (Mass. 2023) ("[T]he cases in which we have imposed liability are those in which a person legally on the premises is attacked, and the owner or landlord knew of or should have known of both the previous attacks and the potential for a recurrence based on a failure to take measures to make the premises safer."); see also Belizaire v. Furr, 36 N.E.3d 1261, 1265 (Mass. App. Ct. 2015) (same, and characterizing such liability as "rare"). Thus, although the occurrence of prior, similar criminal acts at or near the premises can be relevant when considering the issue of foreseeability, it is not dispositive. Whittaker v. Saraceno, 635 N.E.2d 1185, 1188 (Mass. 1994). "Fundamentally, the existence of a duty of care depends upon the foreseeability of a risk of harm that the defendant has an ability to prevent." Heath-Latson, 169 N.E.3d at 158.

Even reading the Amended Complaint generously, Plaintiff's negligence claim fails because he does not plead facts from which the Court can find that Defendant owed him a duty of care. The facts of the attack, while regrettable, are far removed from the rare circumstances under which Massachusetts courts have found that owners owed patrons a duty of care to prevent third-party criminal conduct, given that the attack having occurred approximately fifty miles from Defendant's premises, well away from Defendant's security or control. [Am. Compl. ¶¶ 8, 12; ECF No. 8 at 1–2]; see Emerson Coll., 153 F. Supp. 3d. at 515 (university could not reasonably have been expected to anticipate and prevent sexual assault occurring a party when it occurred off-campus and the university had no means to reasonably provide security at the

event); see also Hill-Junious, 214 N.E.3d at 444 (liability extended to cases where "person legally on the premises is attacked").  Moreover, it is unclear what, if anything, Plaintiff is claiming Defendant could or should have reasonably done or foreseen to prevent the attack while Plaintiff was at or near the casino.  The Amended Complaint pleads, at most, that Defendant's security cameras caught Plaintiff and other individuals exiting the casino around the same time, without incident.  [Am. Compl. ¶¶ 10–11].  It does not allege that the would-be assailants did anything unlawful in the casino or in the parking lot, or that, other than happening to exit the casino around the same time as Plaintiff, they did anything to put anyone monitoring those security cameras on notice that they intended Plaintiff any harm.  Heath-Latson, 169 N.E.3d at 159 (dismissing complaint for lack of duty where plaintiff did not "point to any information the defendant had about [assailant's attack] that would have made the shooting foreseeable).  While Plaintiff makes much ado about prior robberies and violent incidents "at or near" Twin River to establish foreseeability, [Am. Compl. ¶¶ 15–16], Plaintiff points to no authority, and the Court is not aware of any, that establishes that notice of such prior incidents at or near a premises imposes on a business a sweeping duty to prevent third-party harm to customers who have voluntarily traveled miles from the premises, particularly without any indicia of foreseeability while the customer was on premises.  As such, Plaintiff's harm was not reasonably foreseeable to the Defendant, and Defendant's motion to dismiss Count I is **GRANTED**.

### B.    Negligent Infliction of Emotional Distress (Count II)

Plaintiff also brings a claim for NEID, [Am. Compl. ¶¶ 24–27 (Count II)], alleging that Defendant's negligence caused him "physical symptomology caused by his emotional distress, including . . . sleeplessness, anxiety, and changes in habits," [id. ¶ 27].

To state a claim for NEID,

a plaintiff must allege that (1) the defendant was negligent; (2) that she suffered emotional distress as a result of the defendant's negligence; (3) the emotional distress was caused by the defendant's negligence; (4) the plaintiff suffered physical harm manifested by objective symptomatology; and (5) a reasonable person would have suffered emotional distress under the same circumstances.

Gouin v. Gouin, 249 F. Supp. 2d 62, 74 (D. Mass. 2003) (citing Payton v. Abbott Labs, 437 N.E.2d 171, 181 (Mass. 1982)).

Because the Court has already found that Plaintiff has not pleaded that Defendant was negligent, this claim fails at the outset.  Therefore, Defendant's motion to dismiss Count II is **GRANTED**.

IV.       **CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss, [ECF No. 12], is **GRANTED**.

**SO ORDERED.**

November 18, 2024                          */s/ Allison D. Burroughs*
                                           ALLISON D. BURROUGHS
                                           U.S. DISTRICT JUDGE